NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONSTANCE WHITE, <br><br> Plaintiff, <br><br> v. <br><br> SOLOMON AND SOLOMON, P.C. ET AL <br><br> Defendants. | Civil Action No.: 12-5666 (CCC) <br><br> **OPINION** |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion of Solomon & Solomon, P.C. ("Defendant") to dismiss the Complaint of Constance White ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Based on the reasons that follow, Defendant's motion to dismiss is granted without prejudice.[1] Plaintiff is granted fourteen (14) days in which to file an Amended Complaint that cures the pleading deficiencies discussed below.

II. **BACKGROUND**

Plaintiff alleges that sometime prior to July 17, 2012, Defendant contacted Plaintiff to obtain payment for an alleged consumer debt. (Compl., ¶¶ 6, 8.) While communicating with

---

[1] The Court considers any arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

Plaintiff, Defendant allegedly threatened to "garnish" Plaintiff's wages and her son's wages. (Compl., ¶ 9.) As a result, Plaintiff claims that she suffered emotional distress. (Compl., ¶ 11.)

On September 11, 2012, Plaintiff filed suit alleging that Defendant violated the Fair Debt Collective Practice Act ("FDCPA") § 1692f, § 1692e(10), § 1692e(2)(B), and § 1692e(5) by "using unfair or unconscionable means in connection with the collection of an alleged debt[,] . . . using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt[,] . . . falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt[, and] . . . threatening to take action that it did not intend to take." (Compl., ¶ 13.) Defendant filed its motion to dismiss on October 3, 2012.

### III. **LEGAL STANDARD**

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a Complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678.

2

## IV. DISCUSSION

As stated above, Plaintiff claims that Defendant violated several provisions of the FDCPA. Defendant argues that Plaintiff's Complaint should be dismissed because she failed to provide information to identify dates, times, and reasons for the alleged FDCPA violations – i.e. that Plaintiff's Complaint does nothing more than restate the statutory language without any further factual enhancement. (Def. Mot.) Plaintiff opposes and argues that the Complaint comports with the "notice" pleading standard.

Specifically, Plaintiff alleges that sometime prior to July 17, 2012 Defendant began contacting Plaintiff for payment of an alleged consumer debt. (Compl., ¶¶ 6, 8.) Plaintiff also claims that Defendant threatened to "garnish" not only Plaintiff's wages, but also her son's wages. (Compl., ¶ 9.) Plaintiff's Complaint states that Defendant's "illegal[,] abusive communications . . . were the direct and proximate cause of severe emotional distress on the part of Plaintiff." (Compl., ¶ 11.) Finally, Plaintiff's Complaint recites the statutory language of the FDCPA § 1692f, § 1692e(1), § 1692e(2)(B) and § 1692e(5), and concludes that Defendant violated these provisions.

The Court holds that Plaintiff has not pleaded sufficient facts showing a violation of the FDCPA. See Herrera v. Client Servs., No. 12-3491, 2012 U.S. Dist. LEXIS 112637, at *5 (D.N.J. Aug. 9, 2012) ("The allegations made by the Complaint fall short of setting forth sufficient facts to state a plausible violation of [the FDCPA]"). For example, in Lelina v. 1st 2nd Mortgage Co. of NJ, No. 11-5517, 2012 U.S. Dist. LEXIS 105821, at *20 (D.N.J. July 30, 2012), the plaintiffs alleged, inter alia, a violation of the FDCPA. The Court granted the defendant's motion to dismiss, explaining that

> "Plaintiffs' Complaint is almost entirely a recitation of legal conclusions closely mirroring the language of the statutes Defendants are claimed to have violated. Indeed, the Complaint does more to inform this Court of the state of the law than it does to inform the Court of the facts upon which Plaintiffs' claims are based. Such pleading leaves this Court unable to discern the appropriate causes of action for which Defendants might plausibly be held accountable. Moreover, the Court is left with the impression that either Plaintiffs are unable to identify the true nature of the causes of action they allege, or that Plaintiffs allege that Defendants have violated each statute in virtually every way conceivable. Plaintiffs must provide some grounds upon which this Court may assess the sufficiency of each of the claims asserted. . ."

Id. See also Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724 (D.N.J. Jan. 27, 2012) (dismissing, among other claims, the plaintiff's FDCPA claim because the complaint did not adequately put the defendants "on notice of any specific claims linked to specific acts that it . . . committed" during the course of its interactions with the plaintiff, and therefore the complaint failed "to satisfy the Rule 8(a) pleading requirements as set forth in Twombly and Iqbal").

Similarly, here, Plaintiff merely recites the elements of the FDCPA and claims that Defendant's alleged conduct violated the statute. Even assuming that Defendant is in fact subject to the FDCPA, Plaintiff does not indicate, among other things, *how* Defendant's actions are violative of the statute. As such, Plaintiff's bare-bones allegations are insufficient as a matter of law to survive Defendant's motion for dismissal. See Guirguis v. Movers Specialty Servs., 346 Fed. Appx. 774, 776 (3d Cir. 2009) (explaining that "[a]lthough a Plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct'") (citations omitted).[2]

---

[2] Recent cases from other districts are also instructive on the matter. In a similar case, the United States District Court for the Eastern District of California granted a defendant's 12(b)(6) motion where the plaintiff's complaint alleged that the debt collector falsely threatened to garnish her

4

## V. CONCLUSION

Based on the reasons set forth above, Defendant's motion to dismiss Plaintiff's Complaint is granted without prejudice and this matter is administratively terminated. To the extent the deficiencies in Plaintiff's claim can be cured by way of amendment, Plaintiff is granted fourteen (14) days to reinstate this matter and file an Amended Complaint solely for purposes of amending such claims. To the extent Plaintiff seeks to add any additional claims, a formal motion to amend should be filed in accordance with all applicable local and Federal rules, as well as any scheduling order which may be in place.

An appropriate Order accompanies this Opinion.

DATED: May 28, 2013

CLAIRE C. CECCHI, U.S.D.J.

---

wages. Lopez v. Rash Curtis & Associates, No. 10-1173, 2010 WL 3505079, at *1 (E.D. Cal. Sept. 3, 2010). The Court held that the complaint lacked any factual allegations regarding the threats, including the illegality of the wage garnishment. Id. at 3. In another similar case, the same court held that the factual allegations for an alleged FDCPA violation require at a minimum "to identify (1) the 'call number,' (2) the number of calls made to demonstrate repeated, constant and/or continuous calls, (3) when the calls were made and over what period of time, (4) the content of the conversations, if any, (5) the alleged debt, and (6) the link between the caller and the Defendant debt collector." Johnson v. Nat'l Recovery Group, LLC, No. 10-2205, 2010 WL 1992636, at *3 (E.D. Cal. May 14, 2010).